```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARC-MARIE DUVERGER,
```

       Plaintiff,       **MEMORANDUM AND ORDER**
                    08-CV-0721 (DRH) (ARL)

    - against -

C & C DUPLICATORS, INC.,

        Defendant.
```
----------------------------------------------------------X
```
**A P P E A R A N C E S :**

**W. MARILYNN PIERRE, ESQ.**
Attorney for Plaintiff
86-25 Van Wyck Expressway
Suite 624
Jamaica, New York 11435

**NEIL H. GREENBERG & ASSOCIATES, P.C.**
Attorneys for Defendant
900 Merchants Concourse
Suite 214
Westbury, New York 11590
By: Neil H. Greenberg, Esq.

**HURLEY, Senior District Judge:**

    Plaintiff brought this action in the Supreme Court of the State of New York, Nassau County on August 5, 2005. Plaintiff removed this action to this Court on February 21, 2008. The Notice of Removal cites 28 U.S.C. §§ 1441 and 1446 as the bases for removal. By letter dated February 27, 2008, defendant moved for a pre-motion conference, seeking permission to file a motion to remand this case back to state court. Defendant maintains that plaintiff's removal is defective because only a defendant may remove a case to federal court and because the removal is untimely. Defendant also seeks attorneys' fees and costs that were incurred as a result of the removal.

By Order dated March 5, 2008, the Court directed plaintiff to respond to defendant's letter and to specifically address why this Court should not remand this action and award defendant fees. By letter dated March 13, 2008, plaintiff responded that defendant's attorney would not stipulate to discontinue the state action and have it removed to federal court; that the state court did not have jurisdiction over the action as it is premised upon copyright infringement; that plaintiff's former counsel should not have brought the action in state court; and that plaintiff specifically retained present counsel to remove the suit here. (Docket no. 5 at 1.)

28 U.S.C. § 1441(a) provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(emphasis added). 28 U.S.C. § 1446(a) provides:

> A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(emphasis added).

By their plain language, these statutes permit removal by a defendant only. The case law concurs with that conclusion. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (finding that Congress intended to limit removal under section 71 of the Judicial

Code (now 28 U.S.C. § 1441) to defendants only and that a suit in which a counterclaim is filed is not removable by a plaintiff); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *Geiger v. Arctco Enters., Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). . . ."); *see also Coditron Corp. v. AFA Protective Sys., Inc.*, 392 F. Supp. 158, 161 (S.D.N.Y. 1975) ("[W]hile a plaintiff opposing a counterclaim might functionally be a 'defendant', it has been conclusively established that such a plaintiff is not a defendant within the meaning of the general removal statute and may not remove the action or the counterclaim even though the counterclaim would be removable if sued upon alone."). Because plaintiff was not authorized to remove this case to federal court, it is hereby remanded to the Supreme Court of the State of New York, Nassau County. Defendant's counsel shall advise the Court, via letter, whether it intends to proceed with a motion for fees/costs on or before April 18, 2008.

    **SO ORDERED.**

Dated: April 10, 2008
    Central Islip, New York       /s_____
                                            Denis R. Hurley,
                                            United States District Judge