UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARC-MARIE DUVERGER,

                Plaintiff,        **MEMORANDUM AND ORDER**
                                                                   08-CV-0721 (DRH) (ARL)

       - against -

C & C DUPLICATORS, INC.,

                Defendant.
----------------------------------------------------------X

**A P P E A R A N C E S :**

**W. MARILYNN PIERRE, ESQ.**
Attorney for Plaintiff
86-25 Van Wyck Expressway
Suite 624
Jamaica, New York 11435

**NEIL H. GREENBERG & ASSOCIATES, P.C.**
Attorneys for Defendant
900 Merchants Concourse
Suite 214
Westbury, New York 11590
By: Neil H. Greenberg, Esq.

**HURLEY, Senior District Judge:**

### *BACKGROUND*

        Plaintiff brought this action in the Supreme Court of the State of New York, Nassau County on August 5, 2005. On February 21, 2008, Plaintiff removed the action to this Court, citing 28 U.S.C. §§ 1441 and 1446 as the bases for removal. Thereafter, Defendant moved to remand, seeking attorneys' fees and costs that were incurred as a result of the allegedly improper removal.

        By Memorandum and Order dated April 10, 2008, the Court granted Defendant's motion to remand finding that, by their plain language, §§ 1441 and 1446 permitted removal by a

defendant only[1] and that the case law concurred with that conclusion.[2]  Defendant was instructed to advise the Court whether it intended to proceed with a motion for fees and/or costs.

Presently before the Court is Defendant's motion for attorneys' fees.  For the reasons that follow, Defendant is awarded attorneys' fees in the amount of $775.00.

---

[1] 28 U.S.C. § 1441(a) provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(emphasis added).  28 U.S.C. § 1446(a) provides:

> A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(emphasis added).

[2] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (finding that Congress intended to limit removal under section 71 of the Judicial Code (now 28 U.S.C. § 1441) to defendants only and that a suit in which a counterclaim is filed is not removable by a plaintiff); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *Geiger v. Arctco Enters., Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants.  A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). . . ."); *see also Coditron Corp. v. AFA Protective Sys., Inc.*, 392 F. Supp. 158, 161 (S.D.N.Y. 1975) ("[W]hile a plaintiff opposing a counterclaim might functionally be a 'defendant', it has been conclusively established that such a plaintiff is not a defendant within the meaning of the general removal statute and may not remove the action or the counterclaim even though the counterclaim would be removable if sued upon alone.").

## DISCUSSION

**I.     *Whether an Award of Attorneys' Fees is Appropriate in this Case***

28 U.S.C. § 1447(c) provides, inter alia, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[3]  In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Plaintiff does not argue that, as a plaintiff she had an "objectively reasonable basis for seeking removal," nor could she in light of the precedent outlined above.  Accordingly, in the exercise of my discretion, I find that an award of attorneys' fees is appropriate in this case. The only issue remaining, then, is whether the fee amount requested is reasonable.

**II.    *Whether the Fee Requested is Reasonable***

The Second Circuit uses the "presumptively reasonable fee," known as the "lodestar figure" in other circuits, to determine reasonable attorneys' fees. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonably rate is determined by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In reviewing a fee application, the court must examine the particular hours

---

[3] The Second Circuit has held that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued." *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005).

expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994). Any hours which are "excessive, redundant, or otherwise unnecessary" should be excluded. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). The party seeking attorneys' fees bears the burden of supporting its claim by accurate, detailed, contemporaneous records. *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The reasonable rate is usually calculated according to the prevailing rates in the district in which the court sits and such prevailing rate may be based on evidence presented or a judge's own knowledge of hourly rates charged in the district. *See Arbor Hill,* 522 F3d at 190; *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

Here, Defendant seeks fees in the amount of $2,450 for seven hours of legal work performed in connection with Plaintiff's improper removal. In support of Defendant's request, counsel has submitted detailed contemporaneous time records demonstrating that Neil H Greenberg, Esq. spent one-half hour and Justin Reilly, Esq. spent six and one-half hours reviewing and preparing paperwork in connection with Defendant's motion to remand. The Court finds that the hours expended were reasonable.

In support of their $350 hourly fee, counsel merely states that their retainer agreement with Defendant is for $350 per hour. There is no declaration by counsel concerning their respective legal experience, including how long they have been practicing law and their areas of expertise, whether Mr. Reilly is a partner or an associate, or what the prevailing rates are for this type of work in the District.

According to counsel's website, the firm's main areas of practice are motor vehicle accidents, construction accidents, product liability, slip and fall, and medical malpractice. *See* www.nhglaw.com. Plaintiff argues that the fee amount requested is unreasonable because a reasonable person would not pay $350 per hour for an attorney in this District who does not specialize in commercial litigation, including copyright infringement and contract law, issues that predominate this action. Moreover, Plaintiff urges the Court to reduce the hourly rate sought by Mr. Reilly, whom Plaintiff indicates is an associate at Mr. Greenberg's firm. Defendants have not responded to Plaintiff's arguments.

The Court agrees with Plaintiff that the rates sought by counsel are too high. "Overall hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates and $70 to $80 for legal assistants." *Cruz v. Henry Modell & Co.*, 2008 WL 905351 (E.D.N.Y. 2008). Here there is no evidence that would rebut the presumption that a reasonable, paying client would hire counsel whose rates are consistent with those charged locally. Accordingly, the Court shall apply rates consistent with those charged in this District, as opposed to the higher rates sought by Defendant's counsel.

The Court finds that $250 per hour for Mr. Greenberg is the rate a reasonable, paying client would pay. Moreover, given the lack of information regarding Mr. Reilly's stature and/or qualifications, the Court finds that a reasonable rate for Mr. Reilly is $100.00 per hour. Accordingly, Defendant is entitled to attorneys' fees for the work performed by counsel as follows:

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Greenberg | $250 | .5 | $ 125.00 |
| Reilly | $100 | 6.5 | $ 650.00 |
| | | Total Fees: | $775.00 |

## *CONCLUSION*

For the foregoing reasons, Defendant's motion for attorneys' fees is granted. Defendant is awarded attorneys' fees in the amount of $775.00.

**SO ORDERED.**

Dated: June 25, 2009
      Central Islip, New York      /s_____
                                                    Denis R. Hurley,
                                                    United States District Judge